IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 05-cr-00208-RBJ

UNITED STATES OF AMERICA,

v.

MANUEL JESUS BARELA

Defendant.

## ORDER

The defendant moves for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons discussed in this Order, the motion is denied.

## FACTS

The following facts are undisputed:

1. An indictment was filed in this district against Manual Jesus Barela on May 4, 2005. The three counts, based on conduct alleged to have occurred in April 2005, were (Count I) possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(1); (Count II) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1); and (Count III) possession with intent to distribute and distribution of five grams or more of cocaine base ("crack"), including aiding and abetting others, 18 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).[1]

2. Mr. Barela agreed to plead guilty to all three charges. Plea Agreement, November 3, 2005, at 1.

---

[1] The Indictment and the Plea Agreement referenced in this Order are contained only in a paper file. Once electronic filing replaced paper filing the entries will be referenced as "ECF No. __."

    3.  The government agreed that a three-level downward adjustment to the advisory sentencing computation under the United States Sentencing Guidelines for acceptance of responsibility would be appropriate.  The government also agreed not to file additional narcotics or firearm charges; not to seek additional sentencing enhancement under 18 U.S.C. § 924(c) beyond Count II to which the defendant was pleading; and not to seek a sentencing enhancement pursuant to 21 U.S.C. § 843 for distribution of narcotics within 1000 feet of a school zone.  *Id.* at 1-2.

    4.  The Plea Agreement then states: "In exchange, the defendant and the government agree that, pursuant to Fed. R. Crim. P. 11.1(c)(1)c (sic), the defendant shall be sentenced to 180 months in the Federal Bureau of Prisons [fn. 1], and that such sentence is reasonably and rationally calculated pursuant to the factors set forth in 18 U.S.C. § 3553.  The government's agreement to forego filing any additional charges or sentencing enhancements is based on the defendant's plea of guilty to all charges in the indictment, and his stipulation to a sentence of 180 months, or fifteen (15) years."  *Id.* at 2.

    5.  Footnote 1, referenced in the "In exchange" paragraph quoted immediately above, states: "The proposed sentence of 180 months reflects a sentence of 121 months from the advisory guideline range of 121-151 months which is contemplated from a base offense level 29 and Criminal History Category IV, and an additional 60 months mandatorily consecutive due to defendant's plea to 18 U.S.C. § 924(c).  The parties (sic) stipulated agreement is that the defendant will be sentenced to a term of imprisonment of fifteen years in the Federal Bureau of Prisons."  *Id.* at 2 n.1.

    6.  The Plea Agreement further provides: "The parties understand that a Presentence Investigation Report will be authored, and that the defendant's sentencing range will be

calculated under the advisory United States Sentencing Guidelines. The defendant understands and acknowledges, however, that his decision to plead guilty to the terms of this plea agreement constitutes a stipulation between the parties that the defendant will be sentenced to 180 months in the Federal Bureau of Prisons. The defendant chooses to plead guilty according to the terms and conditions of this Plea Agreement and Statement of Facts to obtain the benefit of the government's agreement to forego all criminal charges." *Id.* at 2.

7.  The statutory prison ranges for the three counts were (Count I) not more than 120 months; (Count II) not less than five years, to be served consecutively to any other term of imprisonment imposed; and (Count III) not less than five years nor more than 40 years imprisonment. *Id.* at 3.

8.  The estimated advisory sentencing computation under the United States Sentencing Guidelines set forth in Mr. Barela's plea agreement was based upon an offense level of 29 (a base level of 30, increased by two levels for possession of a firearm during distribution of "crack" cocaine, decreased by three levels for acceptance of responsibility); a criminal history category of IV (based upon 8 total criminal history points); and a resulting advisory guideline range of 121-151 months. Plea Agreement at 7-8.

9.  The Plea Agreement acknowledged that the base offense level and criminal history categories were estimates that were subject to further investigation by the United States Probation Office in the preparation of the presentence investigation report. However: "Regardless of the defendant's base offense level or Criminal History Category, the government and the defendant agree that a reasonable, appropriate and binding sentence is 180 months, or 15 years, based on the government's concession that it will not file additional criminal charges in

connection with the events of April 5 to April 9, 2005 as those events pertain to the defendant." *Id.* at 9.

10. The Presentence Investigation Report [ECF No. 35] calculated the guideline range differently from that contemplated in the Plea Agreement. The Report states that the correct offense level was 27 as compared to the parties' estimated level of 29 because the probation officer did not include a two-level increase for possession of a firearm during distribution of crack cocaine. *Id.* at 5-6. When coupled with criminal history category IV this resulted in a guideline range of 100-120 months for Count I and 100-125 months for Count III. *Id.* at 15. No guideline range was indicated for Count II. Its statutory range of a mandatory five years consecutive to any other term of imprisonment was repeated instead. *Id.*

11. Notwithstanding these guideline calculations the Probation Officer recommended a sentence of 180 months. *Id.* at 20 (page R-1 of the Report). This was based upon the stipulated sentence of 180 months. *Id.* at 21 (page R-2 of the Report).

12. The sentencing hearing was held on January 26, 2006. The minutes of the hearing [ECF No. 32] indicate that an error in the guideline calculation was corrected, and the offense level was 29 (although the Probation Officer's apparently erroneous determination of the applicable guideline range, based on an offense level of 27, was also shown in the minutes) *Id.* at 2. The court, Hon. Walker D. Miller, sentenced Mr. Barela to 180 months in federal prison. *Id.* at 3. Final judgment was entered accordingly. [ECF No. 33].

13. Under the Fair Sentencing Act of 2010, as implemented at United States Sentencing Guidelines Appendix C, Guideline Amendment 750, the base offense level for possession with intent to distribute "crack" cocaine that is applicable to the amount in question in Mr. Barela's case would be 26. After adjustments for possession of a firearm during the distribution of

"crack" cocaine (two level increase) and acceptance of responsibility (three level decrease) the applicable offense level is 25. Coupled with criminal history IV, the advisory guideline range that would be applicable to Mr. Barela under the revised guideline is 84-105 months.

## CONCLUSIONS

The Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372, "reduced the disparity in sentencing between crack cocaine and powder cocaine offenses, and increased the threshold quantity of crack cocaine to prompt a mandatory minimum sentence." *United States v. Wilson,* 495 F. App'x 919, 920 (10th Cir 2012). In response to the Act's direction, on November 1, 2010 the Sentencing Commission issued Amendment 750 which "altered the drug-quantity tables in the Guidelines, 'increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums [in] the FSA.'" *United States v. Osborn,* 679 F.3d 1193, 1194 (10th Cir. 2012) (citing *United States v. Curet,* 670 F.3d 296, 309 (1st Cir. 2012)). The amended guideline, if applied to Mr. Barela, would potentially result in a reduction of his sentence. "In the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

The question is whether the retroactive reduction should be applied where, as here, the defendant agreed to a stipulated sentence under Fed. R. Civ. P. 11(c)(1)(C). The Supreme Court considered retroactive application of the crack guidelines in a similar context in *Freeman v. United States,* 131 S.Ct. 2685 (2011) but was unable to muster a majority opinion. The Tenth

Circuit, like several other circuits, thereafter adopted the position of Justice Sotomayor's concurrence in *Freeman. United States v. Graham,* 704 F.3d 1275, 1278 (10th Cir. 2013). Thus, if the imposed sentenced was "based on" an agreed sentencing range under the sentencing guidelines, the defendant is entitled to the benefit of the amended guideline range. However, if the plea agreement did not "use" or "employ" a guideline sentencing range, the defendant is not entitled to the benefit of the amendment. *Id.*

Mr. Barela argues that his sentence was based on an agreed sentencing range. In the Plea Agreement the parties acknowledged that the defendant's guideline sentencing range would be calculated in the preparation of a presentence investigation report. They estimated that the guideline range would be 121-151 months based upon offense level 29 and criminal history category IV. The 180-month number was calculated by taking the low end of the estimated range, adding 60 months per the mandatory consecutive minimum applicable to Count II, and rounding down to 180 months. *See* Plea Agreement [ECF No. 35] at 2 and n.1. Therefore, defendant argues, because the low end of the then applicable range was used, he is entitled to resentencing based on the low end of the post-Amendment 750 guideline range of 84-105 months. Thus, his sentence should be modified from 180 months to 144 months (84 plus the mandatory consecutive 60).

The problem is that, on the same page of the Plea Agreement where the parties acknowledged that they used the low end of the guideline range in calculating the 180-month stipulated sentence, they added: "The defendant understands and acknowledges, however, that his decision to plead to the terms of this plea agreement constitutes a stipulation between the parties that the defendant will be sentenced to 180 months in the Federal Bureau of Prisons. The defendant chooses to plead guilty according to the terms and conditions of this Plea Agreement

and Statement of Facts to obtain the benefits of the government's agreement to forego the all (sic) additional criminal charges." *Id.* Significantly, later in the Plea Agreement, after acknowledging that their offense level and criminal history category estimates might be modified in the preparation of the presentence investigation report, the parties state: "Regardless of the defendant's base offense level or Criminal History Category, the government and the defendant agree that a reasonable, appropriate and binding sentence is 180 months, or 15 years, based on the government's concession that it will not file additional criminal charges in connection with the events of April 5 to 9, 2005 as those events pertain to the defendant." *Id.* at 9.

It is not surprising, therefore, that when the probation officer determined (erroneously) that the offense level was 27 and the guideline range was 100-120 months, he still recommended a 180 month sentence. Presentence Investigation Report [ECF No. 35] at 20 (report p. R-1). He interpreted the Plea Agreement as mandating the stipulated sentence regardless of the guideline calculation. I agree. That is precisely what the plain language of the Plea Agreement says.

Therefore, this Court concludes that while the parties used the then-applicable guideline in determining a number on which they agreed, the sentence in this case was not "based on" an agreed guideline range. Rather, the parties stipulated to a 180-month sentence regardless of the final calculation of the guideline range. This was expressly based on other concessions that the government made, specifically, the government's agreement not to file additional narcotics or firearm charges, not to seek additional sentencing enhancement under 18 U.S.C. § 924(c), not to seek a sentencing enhancement pursuant to 21 U.S.C. § 843 for distribution of narcotics within 1000 feet of a school zone.

Because the Court has concluded that Mr. Barela is not eligible for reconsideration of his sentence based upon the modification of the "crack" cocaine guideline, the Court does not reach

8

the government's alternative argument that consideration of the factors set forth in 18 U.S.C. § 3553(a), particularly community safety, warrants re-imposition of an 180-month sentence.

## ORDER

Defendant's motion for a sentencing reduction [ECF No. 37] is DENIED.

DATED this 19th day of May, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge